A09A1515. IN THE INTEREST OF S. P. et al., children.
(686 SE2d 474)

DOYLE, Judge.

Following a hearing, a Colquitt County Juvenile Court terminated the parental rights of the natural mother of thirteen-year-old

S. P., twelve-year-old A. P., and ten-year-old L. P. The mother now appeals, arguing that the evidence presented was insufficient to support the court's termination order. For the following reasons, we affirm.

> In reviewing an order terminating parental rights, we construe the evidence in the light most favorable to the juvenile court's ruling and defer to that court's factual findings. We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody should be terminated.[1]

So viewed, the evidence shows that shortly after the suicide of the children's natural father in May 2003, the Colquitt County Department of Family and Children Services ("the Department") received a report of emotional abuse and inadequate supervision of the children, who were thereafter placed in the Department's care.[2] The juvenile court subsequently found that the children were deprived based on the mother's failure to provide food or drink to the children for extended periods of time, the mother's failure to provide for the children's mental and emotional needs after the death of their father,[3] and the mother's unstable emotional state. The mother did not appeal the deprivation order.

The Department prepared a reunification case plan for the mother, requiring her, among other things, to submit to a mental health evaluation and to comply with any treatment regimen that may have been recommended as a result of the evaluation as well as to obtain and maintain stable housing and employment. The plan was updated as required, and in March 2004, the Superior Court of Colquitt County entered an order requiring the mother to pay child support in the amount of $64.50 per month per child; she failed to adhere to the support order. In a May 2005 order nunc pro tunc to June 2004, the juvenile court concluded that the mother had failed to make sufficient progress on her case plan, but was cooperating with the Department. In a December 2005 order nunc pro tunc to June

---

[1] (Punctuation and footnote omitted.) *In the Interest of A. J. D. S.*, 300 Ga. App. 235, 236 (684 SE2d 360) (2009).

[2] A fourth child was removed at the same time, but that child is not included in this case.

[3] The father committed suicide with a firearm in the family home with the children present, and the mother waited several days to clean the home without removing the children to another location, continuing to have them reside in the home. Additionally, the mother would keep the children in the family van for extended periods of time, often sleeping there, and she failed to provide food or drink to the children at those times.

2005, the court determined that the mother had not completed any goals in her plan based on her failure to maintain employment, to complete a psychiatric evaluation, or to consistently visit the children.

On December 28, 2005, Dr. Thomas D. Meacham conducted a psychiatric evaluation of the mother, in which he concluded that she may have a severe, paranoid-type delusional disorder and severe, paranoid-type schizophrenia.[4] Dr. Meacham noted that the mother had a history of displaying bizarre, paranoid behavior with regard to herself and her children, explaining that such behavior could not be explained by mere cultural differences. Dr. Meacham recommended that the mother be placed on anti-psychotic medication, although he doubted that she willingly would accept medication, but opined that without such treatment, as well as ongoing supervision, she would not regain the decision-making capability to adequately care for minor children.

On April 12, 2007, the Department petitioned the juvenile court to terminate the mother's parental rights. At a hearing conducted before the court, evidence was presented that the mother had failed to meet the case plan goals. For example, she had voluntarily entered a psychiatric hospital in June 2003, but she stopped taking the medication prescribed to her, she refused to allow the records from her stay to be released to the Department, and she repeatedly missed appointments with mental health consultants that were assigned to her case or with the Department's psychiatrists before her meeting with Dr. Meacham in December 2005. Dr. Meacham also testified about his diagnosis and recommendations, repeating the information contained in his psychiatric evaluation.

In addition to testimony concerning her failure to meet the mental health goals contained in her case plan, the mother failed to clean her home throughout the years the children were in the custody of the Department, and testimony and photographs established that bags containing trash or purchases covered the home, containers filled with water lined the walls, the floor of the mother's room could not be seen, and trash and stacks of containers covered the floor in many rooms. The mother also failed to provide evidence of employment or financial statements establishing her ability to pay monthly living expenses. Based on this and other evidence, the juvenile court terminated the mother's parental rights to S. P., A. P., and L. P.

On appeal, the mother claims that the juvenile court erred in

---

[4] An individual fluent in Spanish was present during the diagnostic evaluation to interpret for Dr. Meacham and the mother.

terminating her parental rights because there was a lack of clear and convincing evidence showing that the children's deprivation was caused by her lack of proper parental control and custody, and because any continuing deprivation was the result of the failure of the Department to provide meaningful and adequate mental health services to her. We find no error in the court's decision.

Termination of parental rights is a two-step process requiring that the juvenile court determine (a) that there is present clear and convincing evidence of parental misconduct or inability; and (b) that termination of parental rights is in the best interests of the children.[5] A determination of parental misconduct or inability requires findings that "(1) the [children are] deprived; (2) a lack of proper parental care or control caused the deprivation; (3) the cause of the deprivation is likely to continue; and (4) continued deprivation will likely cause serious physical, mental, emotional, or moral harm to the [children]."[6]

1. *Deprivation*. "Because the mother did not appeal the juvenile court's orders finding that [the children] were deprived, she is bound by that determination."[7]

2. *Lack of proper parental care or control*. "One ground for seeking termination is a medically verifiable deficiency of the parent's . . . mental . . . health of such duration or nature as to render the parent unable to provide adequately for the physical, mental, emotional, or moral condition and needs of the child."[8] Evidence presented at the termination hearing supported a finding by the juvenile court that the mother's psychological state would interfere with her ability to adequately provide for her children's needs. Dr. Meacham testified about his diagnosis of the mother as having paranoid type delusional disorder and schizophrenia, and he testified that it was unlikely the mother would be able to properly provide care for her children without medication and continuing supervision. While the mother contends that the Department failed to provide a qualified psychiatrist or interpreter to diagnose her, testimony presented at the hearing shows that the mother failed to meet with various Spanish-speaking mental health professionals, and she refused to allow her medical records from a voluntary inpatient treatment facility to be released to the Department.[9] Moreover, a

---

[5] OCGA § 15-11-94 (a).

[6] *In the Interest of A. J. D. S.*, 300 Ga. App. at 237. See also OCGA § 15-11-94 (b) (4) (A).

[7] (Punctuation omitted.) *In the Interest of S. W. J. P. D. III*, 279 Ga. App. 226, 229 (1) (a) (630 SE2d 824) (2006).

[8] (Punctuation omitted.) *In the Interest of S. N. H.*, 300 Ga. App. 321, 326 (1) (b) (685 SE2d 290) (2009) (quoting OCGA § 15-11-94 (b) (4) (B) (i)).

[9] See, e.g., *In the Interest of B. B.*, 268 Ga. App. 858, 860 (3) (a) (603 SE2d 333) (2004)

native Spanish speaker was present and provided interpretation for the mother and Dr. Meacham. Although the mother's contention that inadequate interpretation led to a misdiagnosis of mental illness, this contention appears to be based on one statement that she was alleged to have made prior to the initial deprivation hearing. Dr. Meacham's diagnosis was not based on that single statement.

Additionally, the mother makes no attempt to dispute the evidence that she failed to provide appropriate housing or support in order to comply with the case plan, blaming those problems on the Department's failure to provide meaningful mental health services. However, "[i]t is well settled that [the Department] has no legal obligation to provide the assistance necessary for a parent to complete reunification goals."[10] In any event, it appears from the evidence presented that the Department made numerous efforts to provide mental health services to the mother. Accordingly, we conclude that a rational trier of fact could find by clear and convincing evidence that the children's deprivation was caused by lack of proper parental care or control.

3. *Continued deprivation.* The evidence presented at the termination hearing established that the mother did not take medication, refused to seek mental heath treatment, skipped appointments with mental health professionals provided by the Department, and did not seek out treatment on her own. Moreover, testimony from Dr. Meacham and others considered her unlikely to be able to care for the children without medication or continued supervision.

> The juvenile court could properly consider the mother's unwillingness to consistently treat her mental . . . condition[ ] as [a] factor[ ] in concluding that the deprivation was likely to continue. Thus, any rational trier of fact could have found by clear and convincing evidence that the deprivation was likely to continue.[11]

4. *Harm to the children.* Testimony revealed that appellant had failed to maintain a bond with the children, and additionally, the children did not wish to be reunited with the mother. Moreover, Dr. Meacham testified that the mother's ability to care for the children was unlikely to improve without medication and continued supervision, and in her current untreated state she was unable to provide

---

(holding that a mother's mental illness coupled with refusal to seek treatment showed parental inability to provide proper care and control).

[10] *In the Interest of M. A.*, 287 Ga. App. 719, 721 (652 SE2d 613) (2007).

[11] (Citation and punctuation omitted.) *In the Interest of S. W. J. P. D. III*, 279 Ga. App. at 230 (1) (c).

stability of home or would be incapable of caring for minor children.[12] In light of the foregoing, a rational trier of fact could have found by clear and convincing evidence that the continued deprivation was likely to cause harm to the children.

Given that clear and convincing evidence supported each of the factors showing parental misconduct or inability, and given that the mother does not challenge the juvenile court's conclusion that termination of her parental rights was in the best interests of the children, we discern no error.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

## DECIDED NOVEMBER 12, 2009.

*Kevin T. Butler*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Kathryn A. Fox, Assistant Attorney General, Robert D. Jewell*, for appellee.

---

[12] See *In the Interest of S. N. H.*, 300 Ga. App. at 327 (1) (d) (stating that "it is well settled that children need permanence of home and emotional stability or they are likely to suffer serious emotional problems") (punctuation omitted).